**STATE OF NEW YORK, Plaintiff,**

v.

**DAIRYLEA COOPERATIVE INC., et al., Defendants.**

**No. 81 Civ. 1891.**

United States District Court,
S. D. New York.

May 25, 1982.

Bonnie Wittner, Asst. Atty. Gen. of State of N. Y., New York City, for Attorney General of State of N. Y.

Stanley M. Kolber, Botein, Hays, Sklar & Herzberg, New York City, for Dellwood Foods, Inc.

Barry I. Slotnick, New York City, for Hygrade Milk & Cream Co., Inc., William G. Meyer, Jimmy Stabile (salesman), Ralph Gaeta, Constantino Gil.

Allan A. Pines, Michael G. Shannon, Burns, Jackson, Summit, Rovins & Spitzer, New York City, for Gold Medal Farms, Inc., Martin Fromm.

Robert Marcus, Marcus & Katz, Mineola, N. Y., for Manchester Cream Co., Inc., Hygrade Milk & Cream Co., Inc.

Robert V. Marrow, Salon, Marrow & Dyckman, New York City, for Meadowbrook Farms, Inc., Carlos Ramos, Steven Schwartz (salesman).

Joseph J. Cella, Barry Ivan Slotnick, New York City, for Emmanuel Mesh (Crown Cream), Jesse Miccio (Mesh).

Michael Santangelo, New York City, for Irving Ravens (Puretest), Tip Top.

M. Nelson Zapata, New York City, for Puretest Milk Co., Inc. & Tip Top.

Milton Gould, Shea & Gould, New York City, for William Schwartz (Meadowbrook President).

Raymond F. Narral, New York City, for Irving Seidenberg (Gold Medal salesman), John Cancellieri (Gold Medal, Dairylea).

Norman Ostrow, Grand & Ostrow, New York City, for Herbert E. Whitehead (Dellwood Vice President).

Patrick L. Wynne, New York City, for Morris Park Farms, Inc., Jerome Zelinsky (Vice President).

Jonathan L. Rosner, New York City, for Sidney Adler (Dellwood VP).

Frederick P. Hafetz, Goldman & Hafetz, New York City, for Salvatore Fasulo (Dairylea).

Oscar A. Bloustein, White Plains, N. Y., for Joseph V. Guiliano (Meadowbrook).

John Laurence Kase, Kase & Drucker, Mineola, N. Y., for George Holsten (Manchester—Treasurer).

Stanley Solomon, New York City, for George Mas (Puretest, Dairylea).

Stephen Angel, Marcia Hefter, Tooker, Esseks, Hefter, Cuddy & Angel, Riverhead, N. Y., for Beyer Farms, Inc.

Susan G. Rosenthal, Winick & Rich, P. C., New York City, for Elmhurst Milk & Cream Co.

William V. Alesi, Suozzi, English, Cianciulli & Peirez, Mineola, N. Y., for Tri Eagle Dairy, Inc.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Defendants Dairylea and its employee Fasulo, who it is alleged have wrongfully charged inflated prices for milk as part of conspiracy in violation of the anti-trust laws, seek to settle the action. Pursuant to 15 U.S.C. § 15c(c), they and plaintiff, the State of New York, ask preliminary approval of their proposed settlement agreement. (Plaintiff represents the *parens patriae* class in this action.) Plaintiff also seeks approval of the form and manner of notice of the settlement agreement to that class. Because on this record I find that the proposed settlement agreement is not "fair" and "adequate" as to all interested parties, *see e.g., In re Montgomery County Real Estate Antitrust Litigation,* 83 F.R.D. 305,

315 (D.Md. 1979), I decline to approve it. I need not, therefore, address plaintiff's second request.

In more detail, the motion before me today arises out of a suit filed by the New York State Attorney General pursuant to 15 U.S.C. § 15c(a) alleging that defendants Dairylea and Fasulo, among numerous other defendants, conspired to fix the wholesale price of milk, to fix the retail price of milk, and to allocate retail customers. On May 28, 1981, plaintiff consented to the settlement of its action against Dairylea and Fasulo in consideration for certain undertakings by these two defendants.

The substance of this proposed settlement agreement is as follows. In consideration for plaintiff's termination of its action, Dairylea proposed:

(1) to make payments totalling $1,000,000 as follows: at intervals over the course of the next five years, Dairylea is to make $250,000 in direct payments to governmental entities. Moreover, over four years Dairylea is to expend a total of $750,000 in connection with the distribution of "cents-off coupons" redeemable for discounts on Dairylea products. These coupons would be distributed by being printed on the packaging of Dairylea milk and would be redeemable for a discount on a subsequent purchase of Dairylea milk or milk-products.

(2) to refrain from conspiring to fix the wholesale or retail price of milk or to allocate customers or territories for the sale of milk; and

(3) to allow plaintiff reasonable access in order to ensure compliance with the substantive terms of the agreement.

Section 15c(c) makes it my obligation to approve or disapprove this settlement. Upon due consideration of the memoranda and affidavits of plaintiff, the settling defendants, and the non-settling defendants, and having heard the parties, I decline to approve the proposed settlement because of the clear anti-competitive effect of the couponing plan. The plan unquestionably both gives substantial future marketing advantages to Dairylea, the alleged anti-trust wrongdoer, and makes no effort to at least endeavor to provide that payments are at a minimum made to those very consumers actually injured in the past by Dairylea's allegedly wrongful conduct. As I read it, the plan which plaintiff and Dairylea propose converts a "compensatory" legal settlement into a marketing program. By its terms, the plan would leave Dairylea with broad discretion as to when and where it will offer its discount coupons; it thus provides Dairylea with marketing advantages not only at the time of sale to consumers hereafter of products bearing the coupons but also at the time of the coupons' subsequent redemption by such consumers. Moreover, it is natural that a consumer's expectation of receiving such coupons would attract him or her with regularity to the Dairylea display and might thus improve Dairylea sales even at times when no coupons are in fact furnished. Further, this plan seems unfair to those actually injured for it makes no effort to specifically reimburse those who were allegedly overcharged in the past[1] but in effect is a payout to future milk drinkers in general.[2]

I decline to approve such a settlement where it appears possible to develop an appropriately compensatory couponing program which does not disadvantage Dairylea's competitors at every turn.

I do observe that some settlement here appears in the best interests of all concerned, and the Court stands ready to consider further proposals that adequately deal with the above concerns. However, for the reasons set forth I decline to approve the proposed preliminary settlement presently before me.

So ordered.

---

1. A possible viable method of accomplishing this was discussed on the argument hereof.

2. It may eventually appear that the here-proposed general approach to the instant settlement, poor though I view it, is the only practical alternative, but on this record that is not apparent.